UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DORN,

           Plaintiff,

vs.

Case Number:

SCHOOL BOARD OF
SARASOTA COUNTY,

           Defendant.
_____/

## COMPLAINT

The Plaintiff, Brian Dorn (hereinafter "Plaintiff"), by and through his undersigned counsel, sues the Defendant, School Board of Sarasota County, (hereinafter "Defendant"), and alleges the following:

### INTRODUCTION

1. This is an action against the Defendant for damages pursuant to the Florida Whistleblower Act, §112.3187, et seq., and the Family and Medical Leave Act, 29 U.S.C. §2601 et seq. (hereinafter "FMLA") and Defamation. [1]

### JURISDICTION AND VENUE

2. This is an action seeking damages that exceed $15,000.00, exclusive of interest, attorneys' fees and costs. Accordingly, this Court has subject matter jurisdiction over this action.

3. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Sarasota County, Florida.

### PARTIES

---

[1] Plaintiff will seek an amendment to include counts alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e et seq., and the Florida Civil Rights Act of 1992, Florida Statutes §760.10, upon the exhaustion of administrative remedies as required by law.

4. Plaintiff is a citizen of the United States and a resident of Sarasota County, Florida.

5. Defendant is a constitutionally created body pursuant to Article IX, §4, Fla. Const., and §1001.32(2), Fla. Stat., and a corporation pursuant to §1001.40, Fla. Stat., with the power to sue and be sued. It operates the School District of Sarasota County, Florida (hereinafter "District").

6. At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes, and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

**GENERAL ALLEGATIONS**

7. Plaintiff began his tenure with Defendant in or about 2006. Plaintiff was initially hired by Defendant as a Teacher and was promoted to an administrative position as Assistant Principal (hereinafter "AP") within which he continued until his constructive discharge from Riverview High School on June 19, 2019.

8. Plaintiff's wife, Janel Dorn (hereinafter "J. Dorn"), was also employed with Defendant in an administrative role as Principal at Sarasota Middle School (hereinafter "SMS").

9. Between February 2018 and September 2018, while employed as Principal of SMS, J. Dorn reported concerns in writing to Karen Rose (hereinafter "Rose"), Former Executive Director of Middle Schools, regarding district-level actions and decisions that placed students, staff and SMS in danger.

10. Specifically, on February 10, 2018, J. Dorn sent an email message to Rose expressing concerns regarding the return to SMS of an employee (hereinafter "SMS employee") who had previously been out on administrative leave based upon an

actual and/or perceived danger to self and others.

11. Following her February 2018 email, despite the growth in middle schools, J. Dorn's Highly Effective rating as Principal at SMS and SMS's recognition as an "A school" in the 2017-2018 school year, J. Dorn was harassed and retaliated against including but not limited to being subjected to unwarranted criticism and being assigned a "coach" by Laura Kingsley (hereinafter "Kingsley"), Assistant Superintendent, and Stephen Cantees (hereinafter "Cantees"), Executive Director of Secondary Schools.

12. On or around October 4, 2018, J. Dorn was demoted to AP, reassigned to North Port High School, and subsequently took leave pursuant to the FMLA at the recommendation of her mental health care professional for anxiety and depression.

13. On or about December 20, 2018, the last day of school prior to Winter break, Erin del Castillo (hereinafter "del Castillo"), Principal of Riverview High School, provided Plaintiff a letter of possible non-renewal of his administrative contract.

14. There was no mid-year evaluation conducted utilizing the FSA Leadership Standards as required by the District prior to the issuance of the December 2018 letter.

15. Upon return from Winter break on or about January 7, 2019, del Castillo held an administrative meeting at which she openly reassigned nearly all of Plaintiff's AP duties.

16. At no time did del Castillo make an effort to implement a PIP plan or provide any coaching to Plaintiff as District policy requires.

17. Subsequent to the January 7, 2019 meeting, Plaintiff was ignored, isolated and not provided any job duties resulting in Plaintiff feeling mentally and

physically ill.

18. Plaintiff took sick days January 16, 2019 through January 22, 2019 (four workdays).

19. On or about January 22, 2019, Plaintiff sought treatment with a mental health professional.

20. On or about January 23, 2019, Plaintiff and J. Dorn contacted Al Harayda (hereinafter "Harayda") in HR to inquire regarding FMLA procedures due to his ongoing depression and emotional distress.  Harayda advised Plaintiff and J. Dorn that, in an Executive Director Cabinet meeting earlier that week, there was discussion as to how they could proceed with disciplinary action against Plaintiff and J. Dorn for alleged job abandonment; Harayda advised Plaintiff to submit the FMLA paperwork as soon as possible.

21. Plaintiff submitted the FMLA paperwork on or about January 23, 2019 and same was approved from January 16, 2019 through February 27, 2019.

22. While on FMLA leave, on or about February 1, 2019, Plaintiff's office was given to another AP at Riverview High School (hereinafter "other RHS AP").

23. Also, while on FMLA leave, on or about February 5, 2019, Defendant promoted the other RHS AP into Plaintiff's position as an "APA", an elevated AP position; thus, while on FMLA, Plaintiff was effectively stripped of his elevated position and title of "APA".

24. Also, while on FMLA leave in 2019, del Castillo advised members of the District that Plaintiff had been coming to work intoxicated and disheveled and that the reason Plaintiff was on leave was because he was in rehab.

25. Plaintiff, pursuant to the recommendation of his mental health

professional, sought an extension of his FMLA leave as well as additional vacation and sick leave through the end of the 2018-1019 school year and same was approved by Defendant.

26. Following the expiration of the approved leave, Plaintiff, pursuant to the recommendation of his mental health professional, sought additional unpaid leave beginning on or about April 8, 2019.

27. On or about May 2, 2019, Plaintiff submitted a formal grievance and Equity Complaint to the District asserting the aforementioned discriminatory and retaliatory behavior.

28. On or around May 16, 2019, Defendant retained Nikhil Joshi, Esq., to investigate Plaintiff's grievance and equity complaint. The investigation remains pending to date.

29. Defendant's adverse actions resulted in Plaintiff's constructive discharge on June 19, 2019 and the effective non-renewal of his administrative contract on June 30, 2019.

**COUNT I**
**UNLAWFUL RETALIATION AND/OR TERMINATION PURSUANT TO FLA. STAT. §112.3187, ET SEQ.**

30. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

31. As detailed above, J. Dorn submitted a written complaint to Rose alleging concerns regarding the SMS employee and disclosing violations or suspected violations of federal, state, or local law, rule, or regulation committed by the District and objecting to activities, policies and practices of Defendant that are in violation of a law, rule or regulation creating and presenting a substantial and specific danger to the public's health, safety, or welfare.

32.   As detailed above, J. Dorn's disclosure resulted in Plaintiff's constructive discharge and ultimate nonrenewal of his administrative contract.

33.   Defendant's actions, including the demotion and non-renewal, as well as the harassment, intimidation, humiliation and embarrassment inflicted upon Plaintiff constituted "retaliatory personnel actions" as defined by §112.3187(3)(c), Florida Statutes and forbidden by §112.3187(4)(a) and (b).

34.   Plaintiff has no administrative remedies available to him to appeal his demotion, nonrenewal or other retaliatory personnel actions.  SBSC has not established an administrative procedure by ordinance nor have they contracted with the Division of Administrative Hearings for handling whistleblower complaints pursuant to §112.3187(8)(b), Florida Statutes.

35.   Therefore, Plaintiff has exhausted all administrative remedies prerequisite to bringing this action.

36.   Plaintiff, as a direct, natural and proximate cause of the action of Defendant, has suffered loss of professional standing and position, emotional distress, embarrassment, humiliation, mental anguish and damage to his good name and reputation, all of which injuries are continuing and permanent.

**WHEREFORE,** Plaintiff demands judgment against Defendant for the remedies envisioned at §112.3187, as follows:

(a)   Reinstatement of Plaintiff to the same position that he held before the retaliatory personnel action, or to an equivalent position, or reasonable front pay as alternative relief;

(b)   Reinstatement of Plaintiff's full fringe benefits and seniority rights;

(c)   Compensation for any lost wages, front pay, back pay, benefits, and other

remuneration;

(d)  Any and all other compensatory damages available at law including those for all non-pecuniary losses, including mental anguish, emotional pain and suffering, humiliation, inconvenience, and loss of enjoyment of life in amounts to be proven at trial;

(e)  An award of reasonable attorney's fees and costs incurred in this action;

(f)  Punitive damages;

(g)  Pre- and post-judgment interest;

and

(h)  Such other and further relief as this Court or the Jury deems to be just and equitable.

## COUNT II
## INTERFERENCE WITH FMLA PROTECTED LEAVE

37.  Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

38.  As set forth above, Defendant interfered with, restrained, or denied Plaintiff leave that is protected by the FMLA.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

(a)  A judgment that Defendant's actions as set forth herein violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

(b)  Reinstatement of Plaintiff to the same or equivalent position held before his request for FMLA leave with the same terms, conditions and benefits or an award of front pay;

(c)  Compensation for lost wages, benefits, and other remuneration;

(d)     Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

(e)     Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

(f)     Any other additional relief as the Court deems just and proper.

## COUNT III
## FMLA RETALIATION

39.     Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

40.     As set forth above, Defendant retaliated against Plaintiff because of Plaintiff's request for and use of FMLA protected leave.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

(a)     A judgment that Defendant's actions as set forth herein violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

(b)     Reinstatement of Plaintiff to the same or equivalent position held before his request for FMLA leave with the same terms, conditions and benefits or an award of front pay;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

(e)     Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

(f)     Any other additional relief as the Court deems just and proper.

## COUNT IV
## SLANDER PER SE

41. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

42. Defendant's administrator, Del Castillo, in the course and scope of her employment, advised members of the District that Plaintiff had been coming to work intoxicated and disheveled and that the reason Plaintiff was on leave was because he was in rehab.

43. Del Castillo knew her statements were false.

44. Del Castillo's defamatory statements were false and damaged Plaintiff's reputation.

45. Del Castillo defamatory statements caused Plaintiff to suffer loss of income, ridicule, shame, loss of reputation, embarrassment, and humiliation.

46. Plaintiff is entitled to an award of presumed and punitive damages.

    **WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against the Defendant and:

    (a) Order Defendant to pay to Plaintiff any compensatory damages in an amount to be proved at trial, punitive damages and prejudgment interest thereon; and

    (b) Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## COUNT V
## SLANDER PER QUOD

47. Plaintiff realleges paragraphs 1-29 as if fully set forth herein.

48. Del Castillo, acting in the course and scope of her employment, advised members of the District that Plaintiff had been coming to work intoxicated and disheveled and that the reason Plaintiff was on leave was because he was in rehab.

49. Del Castillo knew her statements were false.

50. Del Castillo's defamatory statements were false and damaged Plaintiff's reputation.

51.     Del Castillo's defamatory statements caused Plaintiff to suffer loss of income, ridicule, shame, loss of reputation, embarrassment and humiliation.

52.     Plaintiff is entitled to an award of presumed and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment against the Defendant and:

(a)     Order Defendant to pay to Plaintiff any compensatory damages in an amount to be proved at trial, punitive damages and prejudgment interest thereon; and

(b)     Grant Plaintiff trial by jury and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all matters so triable.

Dated this 14th day of December 2019.

Respectfully submitted,

*/s/M. Michele Leach-Pachinger*
M. Michele Leach-Pachinger, Esq.
Leach-Pachinger Law & Mediations, PLLC
Florida Bar No.:  007110
4112  53rd Avenue East, #20802
Bradenton, FL  34204
Tele:     (941) 752-2240
Fax:      (888) 506-3410
mlp@lplaw-mediations.com
AND
*/s/ Craig L. Berman*
Craig L. Berman, Esq.
Berman Law Firm, P.A.
Florida Bar No.: 0068977
111 2nd Ave., Suite 706
St. Petersburg, FL 33701
Telephone No.: (727) 550-8989
Facsimile No.:  (727) 894-6251
Craig@bermanlawpa.com

TRIAL COUNSEL FOR PLAINTIFF